**Computershare**

**Computershare Entity Solutions, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

December 16, 2025

Texas Roadhouse, Inc.
Becky Kirkland
Texas Roadhouse, Inc.
6040 Dutchmans Lane
Louisville KY 40205

# SERVICE OF PROCESS NOTICE

Item: 2025-1971

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Texas Roadhouse, Inc. |
| 2. | **Title of Action:** | King Pompilus vs. Texas Roadhouse, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Complaint<br>Statement of Damages |
| 4. | **Court/Agency:** | Commonwealth Of Massachusetts District Court |
| 5. | **State Served:** | Massachusetts |
| 6. | **Case Number:** | 2586CV0441 |
| 7. | **Case Type:** | Americans with Disabilities Act (ADA) |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 12/15/2025 |
| 10. | **Date to Client:** | Tuesday 12/16/2025 |
| 11. | **# Days When Answer Due: Answer Due Date:** | See Notes <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:** <br>(Name, City, State, and Phone Number) | King Pompilus<br>Peabody, MA<br>857-222-9911 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 221 |
| 16. | **Notes:** | Please note this appears to be from a pro se plaintiff.<br>Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

Trial Court of the Commonwealth
District Court Department
Peabody Division

Civil Docket No. 2586 CV 0441

King Pompilus , Plaintiff

v.

**SUMMONS**

Texas Rd House Inc , Defendant

THIS SUMMONS IS DIRECTED TO: Texas Road House Inc
(DEFENDANT'S NAME)

1. **This notice is to inform you that you are being sued.** A plaintiff has begun a lawsuit against you. A copy of the Plaintiff's Complaint against you is attached and the original has been filed with the Peabody District Court. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money.

2. **You must respond within 20 days to protect your rights.** In order to protect your rights you must deliver or mail a **written response** called an "Answer" to the "Clerk's Office for Civil Business, Peabody District Court, One Lowell Street, Peabody, MA 01960" <u>and</u> to the individual who filed the complaint within 20 days from the date on which you received this summons, or within 20 days of the date on which the summons was delivered to you, **whichever is earlier.** The individual who filed this lawsuit is:

King Pompilus                    at 50 Wannan St Peabody MA 01960
(Name of plaintiff's attorney or pro se plaintiff)              (Address)

File the original, signed answer with the Clerk-Magistrate. Your answer must be delivered or mailed within 20 days from the date the summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your answer must respond to each claim made by the Plaintiff.** Your answer is your written response to the statements made by the Plaintiff in the complaint. In your answer you must state whether you agree or disagree with each paragraph of the complaint. You may agree with some of the things the plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the plaintiff's complaint is true. If you want to have your case heard by a jury, you must specifically request a jury trial in your answer. Even if you agree that you owe what is claimed, sending an answer will provide you with an opportunity to participate and explain your circumstances. A TRUE COPY, ATTEST:

NORFOLK DEPUTY SHERIFF

4. **You must list any reason why you should not have to give the plaintiff what the plaintiff asks for.** If you have any reason(s) why the plaintiff should not get what the plaintiff asks for in the complaint, you must write those reasons (or "defenses") in your answer.

Date: 12/15/25

5. **You will likely lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you will likely lose this case. You will have no opportunity to tell your side of the story, and the Court may order that the Plaintif receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the complaint and appear at hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff** If you believe the Plaintiff owes you money or harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. **Note:** The docket number appearing on the front of this notice must appear on the front of your Answer.

Witness   Hon Jean M. Curran, First Justice on _____11/24_____, 20_25_.

_Ann M. Dawley_

(SEAL)

Clerk-Magistrate Magistrate
Acting Clerk Magistrate

Note: The number assigned to the complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the defendant.

## RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐   Last and usual at (address)*

_____
(signature)

_____
(name and title)

☐   In hand

_____
(address)

☐   Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual ___ in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

# COMMONWEALTH OF MASSACHUSETTS

DISTRICT COURT DEPARTMENT
PEABODY DIVISION**

Civil Action No.: 2586 cv 0441

**Plaintiff Contact Information:**
**King Pompilus**
50 Warren Street, Apt 536
Peabody, MA 01960
Phone: (857) 222-9911
Email: kingpompilus02@gmail.com

**King Pompilus, Plaintiff**
v.
**Texas Roadhouse, Inc., Defendant**
Registered Agent: United Agent Group, Inc.
150 Royall Street, Suite 205
Canton, MA 02021



---

# COMPLAINT

**Filed: November 18, 2025**

Plaintiff, King Pompilus, respectfully alleges as follows:

---

# I. PARTIES

**Plaintiff:**
King Pompilus is an individual residing at 50 Warren Street, Apt 536, Peabody, MA 01960. At all relevant times, he was a customer at Texas Roadhouse's Brockton, Massachusetts location.

**Defendant:**
Texas Roadhouse, Inc. is a corporation conducting business in the Commonwealth of Massachusetts, with a principal address at 6040 Dutchmans Lane, Louisville, KY 40205, and registered through United Agent Group, Inc., 150 Royall Street, Suite 205, Canton, MA 02021.

# II. JURISDICTION AND VENUE

This Court has jurisdiction under **M.G.L. c. 93A**, the **Americans with Disabilities Act (ADA)**, and **M.G.L. c. 272, §§ 92A–98** (service animal access).

Venue is proper in **Peabody District Court** because Plaintiff resides within the Court's jurisdiction and brings claims arising from statutory violations occurring within the Commonwealth of Massachusetts.

# III. FACTS AND ALLEGATIONS

1. On or about **July 14, 2025**, Plaintiff visited the Texas Roadhouse restaurant located in Brockton, Massachusetts.
2. Plaintiff is a person with a disability and was accompanied by his trained medical-alert service dog.
3. The service dog was calm, well-behaved, and trained to perform tasks related to Plaintiff's disability.
4. **No staff member at the door asked Plaintiff any ADA-approved questions. Plaintiff was seated normally at a table without issue. After being seated, the acting manager, Marc, approached and stated: "We don't accept dogs."**
5. Plaintiff informed Marc that the dog was a trained service animal protected under federal and state law.
6. **Marc responded, "No it's not — it's a puppy," dismissing Plaintiff's explanation and unlawfully challenging the legitimacy of the service dog.**
7. Marc did not ask either of the two questions permitted under the ADA and did not follow any lawful service-animal protocol.
8. Marc insisted the dog "had to stay under the table," even though the dog already was under the table and even though a service animal may legally remain beside its handler as needed.
9. Marc's conduct was discriminatory, humiliating, and in violation of Plaintiff's rights under the ADA and M.G.L. c. 272.
10. Plaintiff felt embarrassed, singled out, and was unable to eat his meal due to the treatment he received.
11. Defendant's actions caused Plaintiff emotional distress, humiliation, and economic loss.
12. Plaintiff served a **Chapter 93A demand letter**, and Defendant failed to make a reasonable, good-faith offer as required by law.

# IV. COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

Defendant denied Plaintiff full and equal enjoyment of a public accommodation on the basis of disability, in violation of **42 U.S.C. § 12182**.

# V. COUNT II – VIOLATION OF M.G.L. CHAPTER 272, §§ 92A–98

Defendant unlawfully interfered with Plaintiff's right to be accompanied by a service animal in a place of public accommodation.

# VI. COUNT III – VIOLATION OF M.G.L. CHAPTER 93A

Defendant's discriminatory conduct constitutes an unfair and deceptive act, and Defendant failed to respond reasonably to Plaintiff's 93A demand letter.

Plaintiff is entitled to actual damages, emotional distress damages, statutory damages, and **treble damages** due to Defendant's bad-faith response.

# VII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment against Defendant;
2. Order a written apology from Manager Marc and Texas Roadhouse corporate;
3. Award a full refund of the July 14, 2025 meal;
4. Award **$50,000 in monetary damages** for emotional distress, humiliation, discrimination, and statutory violations;
5. Award **treble damages** under M.G.L. c. 93A;

6. Award attorney's fees and court costs;
7. Order Defendant to **preserve and produce** all video footage from the Brockton location from **8:30 PM to 9:30 PM** on July 14, 2025;
8. Grant any other relief deemed just and proper;
9. Award a jury trial on all triable issues.

---

Respectfully submitted,

**King Pompilus**
50 Warren Street, Apt 536
Peabody, MA 01960
Phone: (857) 222-9911
Email: kingpompilus02@gmail.com
**Date: November 18, 2025**

| STATEMENT OF DAMAGES G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts | |
|---|---|---|---|

| PLAINTIFF(s) | DEFENDANT(s) | DATE FILED |
|---|---|---|
| King Pompilus | Texas Road House Inc | 11.18.25 |

**INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.**

COURT DIVISION

~~Attleboro~~ District Court  Peabody

## TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:

1. Total hospital expenses: .......................... $ _____
2. Total doctor expenses: ............................ $ _____
3. Total chiropractic expenses: ...................... $ _____
4. Total physical therapy expenses: .................. $ _____
5. Total other expenses (describe) _____ $ _____

SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: ............... $ _____
C. Documented property damages to date: ....................... $ _____
D. Reasonably anticipated future medical and hospital expenses: ......... $ _____
E. Reasonable anticipated lost wages: ......................... $ _____
F. Other documented items of damage (describe): _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury:

emotional Distress, humiliation, Civil Rights Discrimination, ADA violations and 93A Unfair & Deceptive Practices

For this form, disregard double or treble damage claims; indicate single damages only.  **TOTAL:** $ 50,000

## CONTRACT CLAIMS | AMOUNT

☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

Provide a detailed description of the claim(s): _____ $ _____

_____ $ _____

_____ $ _____

For this form, disregard double or treble damage claims; indicate single damages only.  **TOTAL:** $

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| SIGNATURE | Texas Road House Inc |
| King Pompilus        DATE | United Agent Group Inc. Registered a |
| PRINT OR TYPE NAME        B.B.O. # | 150 Royall St #205 |
| 50 Warren st #536 | Canton MA 02021 |
| ADDRESS | |
| Peabody MA 01960 | |

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record:                                Date:

12.18

DEC    15    2025

DEC    15    2025